GULOTTA, Judge.
In this suit to enforce an amicable settlement of a tort claim, plaintiffs appeal from a summary judgment dismissing their claims against the defendant tort feasors’ attorney and his legal malpractice insurer. According to plaintiffs, the defendants’ attorney is responsible for paying the settlement amount agreed upon between the parties because he negligently or fraudulently held hirtiself out as being authorized to settle the claims on behalf of defendants’ liability insurer when in fact he did not have such authority. We affirm.
On September 12, 1983, plaintiffs were injured when their car collided with a taxi cab owned by Metro Cabs Ltd. and Consolidated Crescent Enterprises, Ltd. Plaintiffs’ attorney, J. Hunter Bienvenu, began settlement negotiations with J. Thomas Nelson, attorney for Lawrence Kiern, the agent of Metro Cabs, Ltd. with authority from the cab company to settle the claims of Mr. & Mrs. Gutierrez. After negotiating by telephone and letter, the parties orally agreed to settle the claims for $4,700.00. On July 16,1984, Bienvenu sent a letter to Nelson confirming the settlement of the matter in that amount.
Despite the apparent agreement, plaintiffs did not receive a settlement check and the prescriptive period was allowed to toll. On January 25, 1985, however, defense attorney Nelson forwarded copies of the Gutierrez’s medical bills and a request for settlement drafts to the attorney for Guaranty National Insurance Company, the purported liability insurer of the defendant taxi cab company. Nelson asked that drafts be made payable to the individual plaintiffs and their attorney, Bienvenu. On February 28, 1985 Nelson’s office wrote again to the insurance company’s attorney and attached an affidavit of Lawrence Kiern needed to execute the settlement. Kiern stated in the affidavit that as agent for Metro Cabs Ltd. he had authorized Nelson to settle and compromise the matter for $4,700.00. Despite this correspondence, neither the taxi cab company nor Guaranty National Insurance sent a settlement check to plaintiffs or their attorney.
On July 12,1985, Mr. and Mrs. Gutierrez filed a petition to enforce the settlement agreement. Named as defendants were Guaranty National Insurance Company, Metro Cabs Ltd., Consolidated Crescent Enterprises, Ltd., Lawrence Kiern, J. Thomas Nelson, and Nelson’s legal malpractice insurer, New England Re-Insurance Co. Plaintiffs’ alleged that Nelson had negligently or fraudlently held himself out as representing Guaranty National Insurance Company and had lulled plaintiffs into believing that he had authority to settle the case, or, alternatively, that he had failed and refused to pay the settlement amount.
Guaranty National Insurance Company was dismissed on its motion for summary judgment on the grounds that its policy of insurance covering the defendant taxi cab company had expired prior to the accident. Plaintiffs supplemented and amended their petition to substitute Angelina Casualty Company for Guaranty National Insurance Company, and to name Travelers Insurance Company, plaintiffs’ uninsured motorist carrier, as a defendant.
The trial judge thereafter granted summary judgment dismissing J. Thomas Nelson and his legal malpractice insurer as defendants. It is from this summary judg *570 ment of dismissal that plaintiffs have appealed.
According to plaintiffs, the trial court committed reversible error in granting the motion for summary judgment since there are genuine issues of material fact concerning the allegations of Nelson’s misrepresentation and negligence. Plaintiffs contend that had they known that Nelson did not represent Guaranty National Insurance Company, whom he said insured the defendant cab company at the time of the $4,700.00 settlement, they would have filed suit before the anniversary date of the tort. Plaintiffs further contend that by holding himself out as an attorney for Guaranty, Nelson exceeded his authority as agent and is therefore personally liable for the amount of the settlement. Plaintiffs argue that they are entitled to a trial on the merits on these factual questions and should be given an opportunity to pursue their claim against the defendant attorney and his malpractice insurer. We disagree.
Assuming, but not deciding, that the parties entered into an enforceable settlement, we conclude that the trial judge properly granted summary judgment dismissing plaintiffs’ suit insofar as being directed against Nelson and his malpractice insurer.
LSA-C.C. Art. 3012 provides that a man-datary who has communicated his authority to a person with whom he contracts in that capacity is not answerable to the latter for anything done beyond it, unless he has entered into a personal guarantee. Under LSA-C.C. Art. 3013, a mandatary is responsible to those with whom he contracts, only when he has bound himself personally, or when he has exceeded his authority without having exhibited his powers.
Copies of correspondence attached to Nelson’s motion for summary judgment indicate that the defendants’ attorney informed plaintiffs’ attorney that he was acting on behalf of Metro Cabs, Ltd. and Lawrence Kiern. In a letter to Nelson on May 24, 1984, plaintiffs’ attorney states that he had made a demand on Metro Cabs Ltd. and that Lawrence Kiern had offered to settle the Gutierrez claims for $4,639.45. No mention is made of Guaranty National Insurance Co. Similarly, in a reply letter of June 4, 1984, Nelson advised plaintiffs’ attorney “that Mr. Kiern is (sic) offered to settle this case for a total of $4,639.45.” The affidavit of Lawrence Kiern accompanying the letter of February 28, 1985 from Nelson’s office (a copy of which was sent to plaintiffs’ attorney) likewise states that Kiern was the agent of Metro Cabs, Ltd. and had authorized attorney Nelson to settle and compromise the matter for $4,700.00. These undisputed facts establish that Nelson did not exceed his authority as mandatary in dealing with plaintiffs and therefore cannot be held personally liable for his clients’ failure to honor the settlement.
Even assuming, as argued by plaintiffs, that Nelson “held himself out” as attorney for Guaranty National Insurance Company, Nelson would still not be personally liable to pay the amount of the settlement. Because his client Kiern, on behalf of the cab company, had authorized him to settle the case for $4,700.00, as established by the documents, Nelson was acting within the scope of his mandate in communicating that offer to plaintiffs’ attorney. Whether or not the cab company was insured and whether or not Nelson was also acting as the attorney for the insurer at the time of the settlement are of no legal significance under the circumstances. In participating in the settlement negotiations, Nelson was not guaranteeing the creditworthiness of his client, Metro Cabs, Ltd., or verifying his client’s insurance coverage. He simply negotiated a settlement within the scope of his authority for his client and cannot be held personally liable for the cab company’s or the insurance company’s subsequent failure to forward the settlement check to plaintiffs.
Accordingly, we find no error in the trial judge’s summary dismissal of plaintiffs’ claims against J. Thomas Nelson and his malpractice insurer. The judgment is affirmed.
AFFIRMED.